WILLIAM ROSENSTEIN

*v.*

HORACE B. BURR et al.

[Decided June 13th, 1914.]

1. Where complainant was granted specific performance of a contract to convey land, but failed to tender performance within the time limited by the decree for the payment of the purchase price, defendants are entitled to be relieved of the decree, which operated as a lien upon their land.

2. Where complainant, who was granted specific performance of a contract to convey land, did not tender performance within the time limited, and defendants were granted relief from the decree, the grant of relief carries with it the entire decree, and complainant, though awarded costs on the original decree, loses that right.

On motion for relief after decree.

*Mr. William M. Seufert,* for the motion.

*Mr. Thomas P. Fay, contra.*

HOWELL, V. C.

On July 22d, 1907, Horace B. Burr entered into a contract with William Rosenstein for a conveyance by him to Rosenstein

of a tract of land at Oceanport, together with some personal property. A copy of the agreement will be found in the case of *Rosenstein* v. *Burr, 80 N. J. Eq. 425.* Burr brought a suit to cancel his ·contract. On the hearing the bill was dismissed (*Burr* v. *Nivison, 74 N. J. Eq. 320*), and the decree was affirmed on appeal. *75 N. J. Eq. 241.* Rosenstein then brought a suit to compel the specific performance of the contract. A decree was made in accordance with the prayer of the bill (*Rosenstein* v. *Burr, 80 N. J. Eq. 424*); it fixed the time within which the contract should be performed, and appointed a master under whose supervision the title should be passed, within that limited period. The complainant-purchaser in whose favor the decree was failed to appear and take the deed and pay the purchase-money. On application of his counsel the time was enlarged, but although the defendants were always ready there has been no performance or tender thereof on the part of Rosenstein, the complainant. Motion is now made for relief on the part of the defendants upon the ground that their land is subject to the terms of a decree of this court which has not been performed, and that the decree rests upon the land as a cloud upon the title.

The point appears to have been first passed upon in the case of *Foligno* v. *Martin, 16 Beav. 586; 22 L. J. Ch. 502.* In that case there was a decree against a purchaser for specific performance. He made default in payment of the purchase-money. Sir John Romilly, master of the rolls, declared that the complainant was entitled to get rid of the contract unless the defendant should pay the purchase-money within a time limited. This was followed by *Sweet* v. *Meredith, 4 Giff. 207; 32 L. J Ch. 147.* In that case there was a decree for specific performance which was not obeyed. Motion was made that the contract might be rescinded and all the proceedings stayed in the suit, reserving liberty to the complainant to apply to assess his damages. The decree in that case was in favor of the vendor. The vice-chancellor made the order in the terms of that made in *Foligno* v. *Martin, supra,* but added that the complainant should be at liberty to apply in respect of any damages sustained from breach of the contract. The order was made in the following terms: that the contract be rescinded and that all further proceedings in the

cause be stayed except as to any application which might be made to the court to award and assess the damages which the complainant had sustained in consequence of the breach of the contract.    In the next case in which the question arose (*Simpson* v. *Terry, 34 Beav. 423*), the master of the rolls ordered the defendant against whom the decree was to pay the amount of the purchase-money on or before a day fixed, and in default that the contract should be rescinded and all further proceedings stayed. The next case in order of time was *Henty* v. *Schroder, 12 C. D. 666; 48 L. J. Ch. 792*.  In that case the decree was in favor of the vendor, and a similar motion to the one made in *Sweet* v. *Meredith* was urged before Sir George Jessel, master of the rolls, who said that he did not see how the court could rescind an agreement and at the same time give damages for its breach. He, therefore, declined to make an order similar to those in the cases above cited.  The only order he would make was to direct the contract to be rescinded and the party in default to pay the costs of the action.  The last case to which attention is called is *Hutchings* v. *Humphreys, 54 L. J. Ch. 650*.  Mr. Justice North, in that case, *granted* the order rescinding the contract and staying proceedings in the suit and giving costs of the motion for rescission, but declined to entertain the proposition that the case should be held open for the consideration of the subject of damages and rent.  See, also, *Watson* v. *Cox, 15 Eq. 219; 42 L. J. Ch. 279*.

I have not been able to find that the point has been discussed in any American cases, but the English authorities above cited seem to be conclusive.

At the time of the argument of this motion there was also presented a motion on behalf of the complainant for an order for a writ of execution against the defendants to collect the costs awarded to the complainant by the decree, and which by the same decree were ordered to be paid to the complainant's solicitor.  It is true that by the decree the costs of the suit were awarded to the complainant and were directed to be paid to his solicitor, but has not the complainant's subsequent default disentitled him to any such relief?  If he had complied with the decree by paying the purchase-money, he would have been en-

titled to his costs, but I do not see how the decree can be held for one purpose and be abrogated for every other purpose. In other words, the case is similar to *Sweet* v. *Meredith, supra,* in which the master of the rolls said that he could not understand how the court could rescind an agreement and at the same time give damages for 'its breach.

I will advise a decree rescinding the contract and staying all proceedings in the suit and denying the complainant's motion